IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

QUENTIN WITHERSPOON                                                                    PLAINTIFF

vs.                                            Civil No. 4:12-cv-04010

MICHAEL J. ASTRUE                                                                      DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Quentin Witherspoon ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 5.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed his DIB and SSI applications on May 27, 2009.  (Tr. 11, 118-122).  Plaintiff alleges being disabled due to the following:

> 2 Herniated disc in back, damaged nerves in rt [right] leg, massive hemotoma [hematoma] on right side.  I have nerve problems in my legs.

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

(Tr. 159). Plaintiff claims his impairments result in the following limitations: "I have back pain a lot. I can't lift. If I sit to [too] long I start hurting. My right leg will go out on me." *Id.* Plaintiff initially alleged an onset date of August 5, 2005 but later amended that alleged onset date to May 31, 2007. (Tr. 11). These applications were denied initially and again upon reconsideration. (Tr. 55-58). Thereafter, Plaintiff requested an administrative hearing on his applications, and this hearing request was granted. (Tr. 74-95). Plaintiff's administrative hearing was held on November 29, 2010 in Texarkana, Arkansas. (Tr. 28-54). Plaintiff was present and was represented by Greg Giles. *Id.* Only Plaintiff testified at the hearing in this matter. *Id.*

On January 26, 2011, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (Tr. 11-22). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through March 31, 2013. (Tr. 13, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 31, 2007, his amended alleged onset date. (Tr. 13-14, Finding 2). The ALJ determined Plaintiff had the following severe impairments: morbid obesity; status post right soft tissue injury, right hip; degenerative disc disease of the lumbar spine; and an adjustment disorder with depressed mood. (Tr. 14, Finding 3). The ALJ determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14-15, Finding 4).

The ALJ determined Plaintiff was thirty-one (31) on his amended alleged disability date. (Tr. 21, Finding 7). Such an individual is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008) (DIB) and 20 C.F.R. § 416.963(c) (2008) (SSI). *Id.* The ALJ also determined Plaintiff had a limited tenth grade education and was able to communicate in English. (Tr. 21, Finding 8).

2

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 15-21, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as follows: he is able to occasionally lift and/or carry 10 pounds and frequently less than 10 pounds; he is able to stand and/or walk (with normal breaks) for a total of at least 2 hours in an 8-hour workday; he is able to sit (with normal breaks) for a total of about 6 hours in an 8-hour workday; pushing and/or pulling is unlimited, other than as shown for lift and/or carry; he can occasionally climb ramps, stairs, ladders, ropes, scaffolds, balance, stoop, kneel, crouch, or crawl; and he should avoid concentrated exposure to hazards (machinery, heights, etc.). Further, the claimant is able to perform work where interpersonal contact is routine but superficial, e.g., grocery checker; complexity of tasks is learned by experience, several variables, judgment within limits; supervision required is little for routine but detailed for non-routine (semi-skilled).

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff had no PRW he could perform. (Tr. 21, Finding 6). The ALJ also evaluated whether there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 21, Finding 10). The ALJ relied upon the Medical-Vocational Guidelines ("Grids") to make this determination. *Id.* Specifically, based upon Rule 201.24 of the Grids, the ALJ determined Plaintiff could perform other work and was not under a disability as defined by the Act at any time from May 31, 2007 (Plaintiff's alleged onset date) through January 26, 2011 (ALJ's decision date). (Tr. 21, Finding 11).

Thereafter, on February 10, 2011, Plaintiff requested the Appeals Council's review of the ALJ's unfavorable decision. (Tr. 114-117). On December 28, 2011, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On January 31, 2012, Plaintiff filed the present

appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 7, 2012. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 8, 10. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and

laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In his appeal, Plaintiff raises the following arguments for reversal: (1) the ALJ improperly determined his impairments do not meet the requirements of Listings 1.04 and 1.08; and (2) the ALJ erred in evaluating the severity of his impairments. ECF No. 8 at 1-20. In response, Defendant argues substantial evidence supports the ALJ's finding that Plaintiff's impairments do not meet the requirements of a Listing and substantial evidence supports the ALJ's assessment of Plaintiff's impairments. ECF No. 10 at 1-12. Because the Court finds the ALJ erred in evaluating Plaintiff's

medical records, the Court will only consider Plaintiff's second argument for reversal.

In evaluating Plaintiff's physical impairments, the ALJ relied heavily upon the findings of a one-time examining physician, Dr. Michael C. Young, M.D. (Tr. 16-21). Notably, the ALJ stated the following in his opinion:

> I have given weight to the opinions of Dr. Young's as he reported in his general physical examination. Dr. Young's exam showed a relatively normal exam. (Exhibit 3F).

(Tr. 20).

Upon review, the Court finds the ALJ mistakenly placed too much emphasis on the findings of Dr. Young and erred by ignoring the findings of Plaintiff's treating physician, Dr. Sharma. Dr. Young examined Plaintiff on June 29, 2009. (Tr. 221-226). Although Dr. Young found Plaintiff had a full range of motion in his shoulders, elbows, wrists, hands, hips, knees, and ankles, Dr. Young also found Plaintiff suffered from morbid obesity, degenerative disc disease, and "drainage of an infected hematoma of the right hip." *Id.* In his evaluation, Dr. Young did not report that Plaintiff had any limitations in his ability to work, but Dr. Young recognized he only had a brief encounter with Plaintiff. *Id.* Indeed, when asked whether Plaintiff had any such limitations, Dr. Young reported what he observed during his brief evaluation of Plaintiff: "Mr. Witherspoon [Plaintiff] was able to undress and re-dress himself. He was able to get on and off the x-ray and exam table unassisted." (Tr. 226). Such an observation is certainly not sufficient evidence for determining whether someone suffers from a disability.

In placing such great emphasis on Dr. Young's report, the ALJ ignored the opinions of Plaintiff's treating physician, Dr. Roshan Sharma, M.D. From 2005 until 2008, Plaintiff was treated

by Dr. Sharma for his back and hip pain.[2] (Tr. 307-351). On June 1, 2010, Dr. Sharma was deposed as a part of Plaintiff's Arkansas Workers' Compensation claim. (Tr. 352-487). During his deposition, Dr. Sharma was asked whether Plaintiff "as of May 10th of 2010" would be able to return to work. (Tr. 413). Dr. Sharma responded that Plaintiff chances were "very slim," and Dr. Sharma reported there was only "[a] very slim chance of him returning back to work." (Tr. 413). Dr. Sharma reported that Plaintiff's chances were so low because Plaintiff had "essentially become a chronic pain patient, with chronic anxiety, depression, fatigue." *Id.*

In his opinion, the ALJ did not recognize or even consider Dr. Sharma's opinions regarding Plaintiff's disability. Instead, the ALJ entirely ignored this opinion and found "[t]he record does not contain any opinions from treating or examining physicians indicating the claimant is disabled." *Id.* This is simply incorrect. As noted above, during his deposition testimony, which is a part of the record in this case, Dr. Sharma indicated he believed Plaintiff was disabled because there was a "very slim" chance he would return to work. (Tr. 413).

In his appeal brief, Defendant seeks to excuse the ALJ's failure to consider Dr. Sharma's findings by highlighting inconsistencies between Dr. Sharma's testimony and his treatment records and by arguing Dr. Sharma's findings are not credible. ECF No. 10 at 8-9. While such inconsistencies may undermine Dr. Sharma's credibility, the ALJ must first *at least recognize* Dr. Sharma made the finding in the first place. In the present action, the ALJ did not mention his testimony. Of course, Defendant is correct that after considering his testimony, the ALJ is fully permitted to discount his findings for any number of reasons. The ALJ's failure to consider and subsequently provide reasons for discounting Dr. Sharma's findings was improper. *See* 20 C.F.R.

---

[2] Dr. Sharma also performed a one-time follow-up examination of Plaintiff on May 5, 2010. (Tr. 511-513).

7

§ 404.1527(c)(2) (2012) (requiring the ALJ to give "good reasons" in his or her decision for the weight given a treating source's opinion).  Accordingly, this case must be reversed and remanded.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 15th day of January 2013.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE